<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

QIN SONG LIN,

     *Petitioner*,

   v.

LUIS SOTO, *et al.*,

     *Respondents*.

Civil Action No. 26-cv-04816

**ORDER**

June 18, 2026

 **THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Qin Song Lin ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his immigration detention without bond (ECF No. 1); and

 **WHEREAS**, Petitioner contends that Respondents are unlawfully detaining him without the possibility of bond pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b) (*id.* ¶ 2); and

 **WHEREAS**, Petitioner is a native and citizen of China who entered the United States on or about September 21, 2022, without being admitted or paroled, and was thereafter released by DHS on his own recognizance pending immigration proceedings (*id.* ¶¶ 1, 15); and

 **WHEREAS**, on April 28, 2026, ICE re-detained Petitioner and transferred him to Delaney Hall, where he remains in custody (*id.*); and

 **WHEREAS**, Petitioner alleges that Respondents are detaining him pursuant to 8 U.S.C. § 1225(b)(2) based on the Government's interpretation that noncitizens who entered without inspection are subject to mandatory detention, rather than discretionary detention under 8 U.S.C.

§ 1226(a) (*id.* ¶ 2); and

**WHEREAS**, Petitioner further alleges that, on April 28, 2026, DHS served him with a Notice to Appear charging him as an individual present in the United States without being admitted or paroled and removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), which Petitioner contends demonstrates that he is not an arriving alien or otherwise subject to mandatory detention under § 1225(b)(2) (*id.* ¶¶ 2, 16); and

**WHEREAS**, Petitioner contends that his re-detention under § 1225(b)(2) is unlawful and violates both the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment (*id.* ¶¶ 2-3); and

**WHEREAS**, Respondents filed a Response to the Petition on May 10, 2026, that cites authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (ECF No. 6); and

**WHEREAS**, Respondents have not alleged that Petitioner poses a danger to the community or risk of flight (*see id.*); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 6), and the Reply (ECF No. 7) and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as

---

[1] *See, e.g., Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons,* No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar,* No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons,* No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas,* No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi,* No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.,* No. 25-3328 (3d Cir. Dec. 2, 2025).

set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" (*Id.* at 366.) The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782(E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit

3

Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

IT IS, on this 18th day of June 2026,

ORDERED that Petitioner's § 2241 Petition (ECF No. 1) is GRANTED; and it is further

ORDERED that Respondents shall RELEASE Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

ORDERED that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

ORDERED that Respondents are ENJOINED from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

ORDERED that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

ORDERED that the Clerk of the Court shall CLOSE this case.

/s/ Jamel K. Semper
HON. JAMEL K. SEMPER
United States District Judge

4